GEORGE A. TITTERINGTON, as Executor, etc., of MORRIS M. TITTERINGTON, Deceased, Respondent, v. CHARLES H. COLVIN and Another, Appellants.— In an action for damages for fraud and deceit, judgment in favor of the plaintiff reversed on the law and a new trial granted, costs to abide the event. While we are of the opinion that the contract dated June 30, 1928, is invalid, and that defendant Colvin owed to plaintiff the duty of acquainting him with the facts relating to the pending sale to the Bendix Aviation Corporation, we think the trial justice erred in holding that Colvin was guilty of fraud and deceit as a matter of law. While it was conceded by Colvin that he made no disclosure to plaintiff of the proposed sale to the Bendix Company, he insisted that he was under no obligation to do so as plaintiff was obliged to sell his stock under the contract of June 30, 1928, and that he acted in perfect good faith, believing said contract to be valid. Whether he did so act or not was a question of fact for the jury to decide. In this action, of course, no recovery may be had unless there was an intent to deceive and defraud

on Colvin's part. We consider that there are in the record certain facts which are sufficient to justify a finding of the jury of an intent on Colvin's part to deceive and defraud plaintiff. Colvin knew that a question had been raised as to the validity of the contract of June 30, 1928. He states that he submitted the matter to his attorney and was advised that the contract was valid and he advised the plaintiff that, if there was any question about it, it could be avoided by modifying the contract of June 30, 1928. It appears that the contract was subsequently modified, but the modification apparently did not change in the least the situation as to the validity of the original contract, but provided for the release of the stock held by the plaintiff to make possible the sale to the Bendix Company. Colvin, of course, knew that if the plaintiff was informed as to the proposed sale of the stock to the Bendix Company he would very likely refuse to execute the modification agreement, and he might also refuse to carry out the original agreement on the ground that it was invalid, as he had already indicated. Under these circumstances, we think the question of fraudulent intent on the part of Colvin should have been submitted to the jury. Lazansky, P. J., Young, Carswell and Scudder, JJ., concur; Johnston, J., dissents and votes to affirm. After plaintiff called defendant Colvin's attention to the decision of the Court of Appeals in the case of *Topken, Loring & Schwartz, Inc.*, v. *Schwartz* (249 N. Y. 206), the latter knew or had reason to know that the agreement of June 30, 1928, was invalid. He at least knew plaintiff questioned its validity. Under the circumstances, it was his duty to make a full disclosure of the proposed sale to the Bendix Company. His admitted failure to do so constituted fraud as matter of law.